IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Alonzo Boddie, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:04-cv-03193-JOF |
| Warden, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**OPINION & ORDER**

The court is in receipt of a letter from Petitioner Alonzo Boddie.  On October 11, 2001, Petitioner pleaded guilty to two counts of statutory rape and two counts of child molestation in Clayton County Superior Court.  He received two concurrent 15 year sentences.  Petitioner filed a direct appeal but because of failure to pay filing fees, the state court dismissed his appeal.

On October 17, 2002, Petitioner filed a state habeas corpus petition in the Superior Court of Augusta-Richmond County and that court dismissed his petition on December 20, 2002. On October 25, 2004, Petitioner filed an application for habeas corpus pursuant to 28 U.S.C. § 2254.  In an October 14, 2005, order, the court adopted the Report and

AO 72A
(Rev.8/82)

Recommendation of Magistrate Judge Alan J. Baverman and found that Petitioner's application was untimely.

In the instant letter, Petitioner asserts that he is being held against his will and that the state did not inform him of his rights to call witnesses on his behalf or to file a direct appeal. Petitioner asks the court to give him a chance to prove his innocence.

To the extent that Petitioner's letter can be construed as a habeas corpus application, it is successive and the court cannot consider it without Petitioner first receiving permission from the United States Court of Appeals for the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). The court can provide no other relief based on Petitioner's letter.

**IT IS SO ORDERED** this 12th day of May 2010.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)